```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                      DISTRICT OF VERMONT

Corydon Cochran,                  :
        Petitioner,               :
                                  :
     v.                           :     File No. 2:06-CV-99
                                  :
Robert Hofmann,                   :
Commissioner, Vermont             :
Department of Corrections,        :
        Respondent.               :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 6)

Petitioner Corydon Cochran, a Vermont inmate proceeding *pro se*, brings this action claiming that his place of confinement is unconstitutional.  Cochran is currently serving a state sentence for felony and misdemeanor offenses.  He alleges that he has served his time on the felony conviction, and that his continued incarceration in a state prison on the misdemeanor convictions violates his rights under the Eighth Amendment.  The respondent has filed an unopposed motion to dismiss.  For the reasons set forth below, I recommend that the motion to dismiss (Paper 6) be GRANTED.

### Factual Background

On January 5, 2004, Cochran was sentenced to two years for a felony offense that included unlawful trespass, and one year for a misdemeanor offense of

driving under the influence (second).  The state court ordered the sentences to run consecutively.  On March 5, 2004, Cochran was sentenced on a series of additional misdemeanor offenses, for which he is serving concurrent terms of six months to one year.  Pursuant to 13 V.S.A. § 7032, Cochran's multiple sentences have been aggregated into a single, effective sentence with a minimum term of three years, six months and a maximum of six years.

Cochran claims that, because he was convicted of his felony offense on September 7, 2003, he completed his two-year sentence on the felony conviction on September 7, 2005.  He argues that his remaining time in prison can only be attributed to his misdemeanor convictions, and that continuing to house him with felons in a state facility is a violation of his constitutional rights.  Cochran is currently in the custody and control of the Vermont Department of Corrections, and is serving his sentence in a facility in Beattyville, Kentucky.

## Discussion

### I.  Construing Cochran's Claim

Cochran's caption identifies him as the "petitioner" and his initial filing as a "habeas corpus."  He also

entitles his filing a "complaint," and requests declaratory relief.  The first question for the Court is how to construe Cochran's pleading.

A state prisoner habeas corpus petition is appropriate when a prisoner is attacking the fact or length of his confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  "By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the habeas corpus] core and may be brought pursuant to [42 U.S.C. ] § 1983 in the first instance."  Nelson v. Campbell, 541 U.S. 637, 643 (2004) (citing Muhammad v. Close, 540 U.S. 749, 750 (2004)).  Cochran is challenging his continued confinement in a state facility.  He does not appear to be challenging the duration of his sentence, or the validity of his convictions.  Therefore, the Court should construe his complaint and request for declaratory relief as a filing brought pursuant to 42 U.S.C. § 1983.  See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (*pro se* petitions should be characterized according to the relief sought, and not to the label given to them

by *pro se* prisoners unlearned in the law).[1]

II. <u>Constitutional Claim</u>

Cochran claims that his current incarceration in a state facility violates his constitutional rights under the Eighth Amendment.  He has cited no legal authority to support his position.  Under Vermont law, when sentences are imposed consecutively, "the minimum terms are added to arrive at an aggregate minimum to be served equal to the sum of all minimum terms and the maximum terms are added to arrive at an aggregate maximum equal to the sum of all maximum terms."  13 V.S.A. § 7032.  This provision does not differentiate between misdemeanors and felonies.  Nor does it address the effect of aggregation on the place of incarceration.

The Commissioner of the Department of Corrections has the authority to place state prisoners, with no express limitation based upon the nature of the underlying offense.  28 V.S.A. § 701(b); <u>cf.</u> <u>Daye v. State</u>, 171 Vt. 475, 479 (2000) (referencing

---

[1] At the end of his "complaint," Cochran requests immediate release. This request is inconsistent with his previous request for a declaratory judgment, and does not explain why he is entitled to absolute release when he has not yet completed his sentence.  The Court therefore reads this request as a prayer for release from a state facility into some other form of custody.

Commissioner's "unfettered statutory authority to designate, assign and transfer inmates").  Where Vermont law defines felonies and misdemeanors, it references only the length of punishment, and not the place of confinement.  13 V.S.A. § 1.  Accordingly, even if the Court accepts Cochran's contention that the felony portion of his aggregated sentence has been served, the Court is not aware of any authority, state or federal, barring his continued confinement in a state facility.  Without such authority, the Court should not grant Cochran his requested relief.  See Hamilton v. Bowersox, 2001 WL 1863532, at *9 (E.D. Mo. Dec. 13, 2001) (denying relief where inmate failed "to identify the specific federal constitutional provision or law that guarantees his placement in a county jail as opposed to a state penal facility upon his lawful conviction for a combination of felonies and a misdemeanor.").  I therefore recommend that the respondent's motion to dismiss be GRANTED.

## Conclusion

For the reasons set forth above, I recommend that the Court construe this action as one filed pursuant to

42 U.S.C. § 1983, that the respondent's motion to dismiss (Paper 6) be GRANTED, and that this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this 25th day of January, 2007.

/s Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).